[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 27, 2007
THOMAS K. KAHN
CLERK

No. 07-11949
Non-Argument Calendar

_____

D. C. Docket No. 06-00071-CV-CDL-4

DALE M. THOMPSON,

Plaintiff-Appellant,

versus

WILLIAM W. ADAMSON,
Warden,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(August 27, 2007)**

Before BLACK, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Dale Thompson, a prisoner proceeding pro se, appeals the district court's

dismissal, pursuant to 28 U.S.C. § 1915A, of his 42 U.S.C. § 1983 complaint for failure to state a claim upon which relief may be granted.  For the reasons that follow, we affirm.

## I.  BACKGROUND

Thompson, incarcerated in the Muscogee County Prison in Columbus, Georgia, filed a pro se 42 U.S.C. § 1983 action against Warden William Adamson, in his individual and official capacities, alleging constitutional violations in connection with Adamson's withholding of a "Self-Help Litigation Manual" that Thompson had ordered through the mail.  Specifically, Thompson alleged that the deprivation of the manual violated his First Amendment right to petition the government for redress of grievances, his Fourth Amendment right to be secure in his person, his Fifth Amendment right against self incrimination, his Eighth Amendment right to be free from cruel and unusual punishment, and his Fourteenth Amendment right to equal protection.  According to Thompson, as a result of these constitutional violations, he suffered pain, emotional distress, and mental anguish.  He requested $500,000 in compensatory damages and $750,000 in punitive damages.

Adamson moved to dismiss the complaint for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act

2

("PLRA"), 42 U.S.C. § 1997e(a), because Thompson had not filed a formal written grievance before filing the complaint. According to Adamson, Thompson was notified that the manual constituted contraband material because it could be used as a weapon, and Thompson never responded to this notice. Thompson replied that he had filed a grievance, to which he received no response. Adamson then clarified that Thompson had filed an informal grievance, but had not filed a formal grievance or an appeal as required by prison procedure.

The magistrate judge reviewed the record and could not conclude that Thompson had failed to exhaust administrative remedies. Instead, the magistrate recommended that the complaint be dismissed for failure to state a claim under 28 U.S.C. § 1915A, because Thompson had not alleged physical injury as required by 42 U.S.C. § 1997e(e) of the PLRA. Over Thompson's objection, the district court adopted the magistrate's recommendation and dismissed the complaint. Thompson now appeals.

## II. DISCUSSION

On appeal, Thompson argues that the district court erred in dismissing his complaint. We review de novo the dismissal of a complaint under 28 U.S.C. § 1915A. Hughes v. Lott, 350 F.3d 1157, 1159-60 (11th Cir. 2003). "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys

3

and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). But federal courts have discretion to dismiss pro se claims if they lack an arguable basis either in fact or in law. Neitzke v. Williams, 490 U.S. 319, 324-25, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).

The PLRA provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). But this court has held that § 1997e(e) does not preclude a prisoner's recovery of nominal damages, even in the absence of physical injury, where the prisoner establishes a violation of a fundamental constitutional right. Hughes, 350 F.3d at 1162.

Here, careful review of Thompson's appellate brief reveals that he does not explain or even address *how* the district court erred in dismissing his complaint, and he fails to address the legal basis upon which the court relied—that he failed to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A, because he failed to allege physical injury as required by 42 U.S.C. § 1997e(e). Instead, Thompson merely argues the merits of his constitutional claims. Even construing Thompson's brief liberally, there is no indication that he presents any

4

argument or analysis regarding the issue on appeal. Accordingly, Thompson has abandoned this issue. See Davis v. Hill Eng'g, Inc., 549 F.2d 314, 324 (5th Cir. 1977)[1] (holding that the mere mention in an appellate brief that the district court was in error, absent any specific argument as to how the court was in error, was insufficient to present the matter for adjudication on appeal). We therefore affirm the district court's dismissal of Thompson's complaint.

## III. CONCLUSION

For the foregoing reasons, we **AFFIRM**.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all of the decisions of the former Fifth Circuit handed down before the close of business on September 30, 1981.